UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FRANK DEMARTINO,

        Plaintiff,

        -against-                                  **09 CV 119 (NGG)(LB)**

GUARDIAN ROBERT KRUGER, Esq.,

        Defendant,
-----------------------------------------------------------X
FRANK DEMARTINO,

        Plaintiff,

        -against-                                  **09 CV 305 (NGG)(LB)**

GUARDIAN ROBERT KRUGER, Esq.,
NYC BUILDING DEPT.,
NYC POLICE DEPARTMENT,
PERI FORMWORK,
MILES & STOCKBRIDGE,

        Defendants,
-----------------------------------------------------------X
FRANK DEMARTINO,

        Plaintiff,

        -against-                                  **09 CV 2578 (NGG)(LB)**

GUARDIAN ROBERT KRUGER, Esq.,

        Defendant.
-----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

## REPORT & RECOMMENDATION

Plaintiff brings these three *pro se* actions pursuant to 42 U.S.C. §1983, alleging that defendants, New York City Department of Buildings and New York City Police Department (collectively "City defendants"), violated his Fifth and Fourteenth Amendment due process rights; that defendant Peri Formwork illegally repossessed construction materials belonging to his father, Joseph DeMartino; and that defendant Robert Kruger breached his fiduciary duties as guardian to his father.[1] Plaintiff brings further claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1964, alleging the involvement of all defendants in the repossession of his father's building materials, including defendant Miles & Stockbridge, Peri Formwork's attorney.

Defendants Kruger, Peri Formwork, and Miles & Stockbridge all moved to dismiss the complaints in their respective cases. On July 24, 2009, the Court issued three separate Orders granting the defendants' motions to dismiss the complaints in 09 CV 119 and 09 CV 305, and *sua sponte* dismissing the complaint in 09 CV 2578 as frivolous. (Docket No. 09 CV 119, document 35; Docket No. 09 CV 305, document 62; Docket No. 09 CV 2578, document 22.) The same Orders awarded attorney's fees to the three moving defendants,[2] and stated that the actions were "frivolous" and "designed to be punitive rather than to promote full, fair and expeditious adjudication of any bona fide claims." (Id.) Judge Weinstein[3] referred the matter to me for a Report and Recommendation regarding the attorney's fees that should be awarded. (Id.)

---

[1] Prior to the commencement of this action, a state court found Joseph DeMartino to be incapacitated and assigned defendant Kruger as his guardian.
[2] The City defendants have since moved to dismiss. Their fully briefed motion is due April 23, 2010. (See Docket No. 09 CV 305, document 91.)
[3] Judge Weinstein has recused himself from these cases, and they were reassigned to Judge Garaufis. (See Docket No. 09 CV 305, documents 83-84.)

Defendants moved for attorney's fees shortly thereafter. (Docket No. 09 CV 305, documents 63, 66.)[4] However, plaintiff appealed the Court's July 24, 2009 Orders, including the award of attorney's fees. (Docket No. 09 CV 305, documents 69-72.) On February 18, 2010, the Second Circuit Court of Appeals dismissed plaintiff's appeal, noting that this Court's Order was not yet final. (Docket No. 09 CV 305, document 89-1.) While the cases were on appeal, plaintiff filed his opposition to the defendants' motions for attorney's fees.[5] Plaintiff's opposition to the motion largely revisits the underlying merits of the claims and casts aspersions about the quality of Mr. Greenberg's work and Judge Weinstein's impartiality. Plaintiff's only relevant argument states that an attorney cannot include the time spent preparing a motion for attorney's fees in his or her application for fees. However, plaintiff's argument is incorrect. So-called "fees-on-fees" are permitted in motions for attorney's fees under 42 U.S.C. 1988. Williamsburg Fair Hous. Comm. v. Ross-Rodney Hous. Corp., 599 F. Supp. 509, 521 (S.D.N.Y. 1984).[6]

## DISCUSSION

"In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. §1988(b). The amount of attorney's fees to award a prevailing party is determined by calculating the "presumptively reasonable fee." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009). To determine this fee, the Court begins by multiplying the number of hours spent on the litigation by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424,

---

[4] Where the parties' filings are duplicative, the Court shall reference only the docket entries in case 09 CV 305.
[5] Plaintiff's submission, however, was untimely, despite being afforded an extension of time to oppose the motions. (See Docket No. 09 CV 305, documents 75, 80, 82).
[6] Even if the Court were to consider plaintiff's opposition, it would have been unpersuasive.

3

433 (1983). A reasonable rate is "the rate a paying client would be willing to pay," based on the "prevailing [hourly rate] in the community . . . where the district court sits." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2007); see also Blum v. Stenson, 465 U.S. 886, 896 (1984)("[T]he requested rates [must be] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."). "[A] reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190.

The Court should also consider the following factors in determining the reasonable hourly rate, and in deciding whether further adjustment is required:

> "[T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation."

Id. at 184.

The burden is on the party moving for attorney's fees to show evidence of the hours spent and to justify the hourly rate sought. Hensley, 461 U.S. at 437; Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007). Counsel justifies a fee application by submitting detailed time records and documentation "concerning the credentials or experience of counsel," Fuchs v. Tara Gen. Contr., Inc., No. CV 06-1282, 2009 U.S. Dist. LEXIS 102286 at *3, *6 (E.D.N.Y. Nov. 3, 2009).

"Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for

4

junior associates, and $70 to $80 for legal assistants." Cho, 524 F. Supp. 2d at 207; see also Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723, 726 (E.D.N.Y. 2009)(finding a $250 hourly rate for a partner to be reasonable); Lynch v. Town of Southampton, 492 F. Supp. 2d 197, 212 (E.D.N.Y. 2007)(same); Comm'n Express Nat'l, Inc. v. Rikhy, No. CV-03-4050, 2006 U.S. Dist. LEXIS 8716 at *19 (E.D.N.Y. Feb. 16, 2006) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $300 for partners; $100 to $150 for junior associates and $200 to $250 for senior associates.")(collecting cases); Rotella v. Bd. of Educ., No. CV 01-0434 (NGG), 2002 U.S. Dist. LEXIS 507 at *6 (E.D.N.Y. Jan. 17, 2002)("[T]he prevalent market rate in this district is in the range of $200 to $250 for partners and between $100 to $200 for junior and senior associates.").

Counsel for defendant Kruger, Harvey L. Greenberg, seeks fees for a total of 78.2 hours spent on all three cases, at a rate of $350. As Mr. Greenberg points out, he is an attorney with an office in the Southern District, not in the Eastern District where the hourly rates are "substantially lower." Simmons, 575 F.3d at 172. "[I]n order to receive an attorney's fee award based on higher out-of-district rates, a litigant must overcome a presumption in favor of the forum rule, by persuasively establishing that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." Id. "A litigant cannot overcome the presumption through mere proximity of the districts . . . ." Id. at 176.

Mr. Greenberg argues that although Eastern District counsel could have litigated this case, such counsel would not have achieved the same result. (Docket No. 09 CV 305, document 66 at 5.) The Court disagrees. These cases were dismissed because plaintiff has no standing to bring claims on behalf of his father. Further, because plaintiff's claims against Mr. Kruger were solely related to his capacity as a court-appointed guardian, Mr. Kruger was entitled to *absolute*

immunity. (Docket No. 09 CV 305, document 62.) Thus, Mr. Greenberg's experience was not crucial to defend against plaintiff's claims. Nevertheless, the rate submitted by Mr. Greenberg is within the range for Eastern District attorneys of comparable skill and veneration. The $350 rate cited by Mr. Greenberg is therefore reasonable.

Similarly, the claims against Peri Formwork and Miles & Stockbridge do not merit an hourly rate higher than the prevailing fee in this district. As counsel for these defendants concede, plaintiff's claims were "baseless," and although plaintiff raised RICO claims, "plaintiff failed to allege that his business or property had been injured by any predicate acts under [the RICO Act]. Indeed, he conceded that he does not own the equipment repossessed . . . ." (Docket No. 09 CV 305, document 63.) While the Court appreciates that a considerable amount of time also had to be spent responding to plaintiff's request to disqualify counsel, plaintiff's claims were not so unique or complex as to require "special expertise beyond the competence of [forum district] law firms," Arbor Hill, 522 F.3d at 190. Based on the prevailing hourly rate in the Eastern District, counsels' application for attorney's fees should be adjusted as follows:

*Miles & Stockbridge*

| Attorney | Years of Exp. | Hours | Proposed Hourly Rate | Adjusted Hourly Rate | Value |
|---|---|---|---|---|---|
| Robert S. Downs | 27 | 2.6 | $370 | $350 | $ 910.00 |
| Jessica A. duHoffmann | 9 | 111.9 | 330 | 300 | 33,570.00 |
| Scott R. Wilson | 3 | 0.4 | 250 | 225 | 90.00 |
| Expenses | | | | | 763.51 |
| **Total** | | **114.9** | | | **$35,333.51** |

6

*Welby Brady & Greenblatt, LLP*

| Attorney | Years of Exp. | Hours[7] | Proposed Hourly Rate | Adjusted Hourly Rate | Value |
|---|---|---|---|---|---|
| John J. Krol | 27 | 2.3 | $ 350 | $ 350 | $ 805.00 |
| Thomas Tripodianos (TST) | 12 | 30.4 | 350 | 300 | 9,120.00 |
| Adam Downs | 4 | 5.7 | 275 | 225 | 1,282.50 |
| Expenses | | | | | 239.13 |
| Total | | 38.4 | | | $11,446.63 |

A summary of the award to Mr. Greenberg is as follows:

| Case | Hours | Hourly Rate | Value[8] |
|---|---|---|---|
| 09 CV 119 | 46.90 | $ 350 | $16,415.00 |
| 09 CV 305 | 23.60 | 350 | 8,260.00 |
| 09 CV 2578 | 7.70 | 350 | 2695.00 |
| Expenses | | | 100.00 |
| Total | 78.2 | | $27,470.00 |

## CONCLUSION

Accordingly, the Court respectfully recommends that defendants' counsel should be awarded attorney's fees as follows: Miles & Stockbridge in the amount of $35,333.51; Welby Brady & Greenblatt, LLP in the amount of $11,446.63, and Harvey L. Greenberg in the amount of $27,470.00.

---

[7] Counsel's motion lists hours expended by each attorney that do not add up to the total hours expended by the firm: 38.4. The hours listed for Mr. Tripodianos have therefore been adjusted downward from 35.7 to 30.4 to reconcile the error. (See docket No. 09 CV 305, document 63 at 8.)

8 The total award to Mr. Greenberg is $100 less than the amount requested in his motion. It appears that the Summary Sheet added $100 in expenses twice. (See docket No. 09 CV 305, document 66-8.)

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: April 9, 2010
      Brooklyn, New York